IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRANSFIRST HOLDINGS, INC., §
TRANSFIRST MERCHANT SERVICES, §
INC., and PAYMENT RESOURCES §
INTERNATIONAL, LLC, §
    *Plaintiffs*, §
  §
v. § CIVIL ACTION NO. 3:06-CV-2303-P
  §
ANDREW M. PHILLIPS, DOMINIC J. §
MAGLIARDITI, JOHN S. BLAUGRUND, §
PAYMENT RESOURCES §
INTERNATIONAL, a Nevada Corporation, §
SSF HOLDINGS, LLC, §
DII INVESTMENTS, INC., and §
TP INVESTMENTS, LLC, §
    *Defendants*. §

## MEMORANDUM OPINION & ORDER

Now before the Court are Defendants Dominic J. Magliarditi and DII Investments, Inc.'s

Motion to Dismiss Proceedings and Compel Arbitration ("Magliarditi Motion") and Defendant

John S. Blaugrund's Motion to Dismiss Plaintiffs' Complaint and Motion to Compel Arbitration

("Blaugrund Motion"), both filed on January 8, 2007.  Responses were filed on January 15, 2007,

and replies were filed on January 19, 2006.  For the reasons stated below, the Court hereby

DENIES the Magliarditi Motion and DENIES the Blaugrund Motion.

## I.    Background

Plaintiff TransFirst Holdings, Inc. ("TransFirst") is a provider of transaction processing

services and payment processing technology.  (Compl. at 2.)  In March of 2004, TransFirst

purchased substantially all the assets of Defendant Payment Resources International ("PRI,

Inc."), a Nevada Corporation operating out of Newport Beach, California. (*Id.*)  Among the principal shareholders of PRI, Inc. were Defendants Nick Magliarditi and John Blaugrund.  (*Id.*)  Pursuant to the Asset Purchase Agreement ("APA") of March 1, 2004 TransFirst paid over $30 million for the assets of PRI, Inc.  PRI, Inc's assets were acquired by TransFirst's wholly owned subsidiary Payment Resources International, LLC ("PRI").  (*Id.*)

The sale of PRI Inc.'s assets to TransFirst under the APA was conditioned in part on the understanding that Magliarditi and Blaugrund, among others, would serve in PRI.  Pursuant to their obligations under the APA, Magliarditi and Blaugrund entered into identical Employment Agreements ("EAs") with PRI.  (App. Magliarditi Mot. at 1-16; Blaugrund Mot. at 4.)  The EAs provided that Magliarditi and Blaugrund would be employed as senior vice presidents.  (Compl. at 3.)  The EAs were executed on the same day that the APA closed, March 1, 2004.  In August of 2004, the management comittee of PRI elected Magliarditi and Blaugrund to serve as vice presidents of PRI.  (*Id.*)

Section 6.02 of the EAs ("Section 6.02") is a dispute resolution provision which reads,

> In the event of any dispute or claim relating to arising out of Employee's employment relationship with Employer, this Agreement or the termination of Employee's employment with Employer for any reason (including, but not limited to, any claims of breach of contract, wrongful termination or age, sex, race, sexual orientation, disability or other discrimination or harassment), Employee and Employer agree that all such disputes shall be fully, finally and exclusively resolved by means of a court trial conducted in (i) the Superior Court of Orange County, California, or (ii) any federal district court located in that county. ***Employee and Employer hereby knowingly and willingly waive their respective rights to have any such disputes or claims tried to a jury.  Employee and Employer further agree that if, and only if, this jury waiver shall, for any reason, be held to be invalid or unenforceable, then any dispute or claim between Employee and Employer will be fully, finally and exclusively resolved by binding arbitration to the fullest extent permitted by law.*** The arbitration will be conducted by the American Arbitration Association in either

**Memorandum Opinion & Order**
**3:06-CV-2303-P**
**Page 2 of 6**

> Newport Beach, California, or Dallas, Texas (such location to be determined by the first party to file such dispute or claim) or such location that may be agreed to by Employee and Employer in writing. Employee understands that in the event that the arbitration provision of this Agreement is invoked, Employee and Employer are each waiving any and all rights to a court or jury trial.

(App. Magliarditi Mot. at 8-9; Blaugrund Mot. at 4) (emphasis added).

Section 6.05 of EAs is a "governing law" provision which states "[t]his agreement will be interpreted in accordance with, and governed by, the laws of the State of California." (App. Magliarditi Mot. at 10.)

Magliarditi is president of Defendant DII Investments Inc. ("DII"), a Nevada corporation. (Compl. at 7.) Plaintiffs make several allegations of wrongful conduct against Defendants Magliarditi, DII, and Blaugrund. Plaintiffs allege that these Defendants undertook fraudulent schemes to divert PRI company business and violate the non-compete provisions of the APA. (*Id*. at 4-5.) Magliarditi resigned from PRI on November 20, 2006. (*Id*. at 4.) John Blaugrund was terminated for cause from employment on December 14, 2006. (Blaugrund Mot. at 4.)

Plaintiffs' assert claims against Magliarditi and Blaugrund based on RICO violations, fraud, breach of fiduciary duties, and breach of the APA. (Compl. at 17-30.) Magliarditi and DII assert that the Court should dismiss these claims and compel arbitration.

## II.    Analysis

In an order dated March 1, 2007, this Court determined that only the claims of RICO violations and breach of fiduciary duties are within the scope of the EAs. Therefore, the Court will consider the jury waiver and arbitration provisions of § 6.02 of the EAs solely with regard to the RICO and breach of fiduciary duty causes of action.

Defendants seek to compel arbitration under § 6.02 of the EAs.  Section 6.02 states that the parties must submit to binding arbitration "if, and only if, [the contractual] jury waiver [provision] shall, for any reason, be held to be invalid or unenforceable."  Defendants assert that California law is controlling by § 6.05 of the EAs, and that, under California law, contractual jury waivers are unenforceable.  Defendants support this by citing *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 951-955 (2005), a California Supreme Court case which holds that contractual jury waivers are unenforceable where not statutorily authorized.  Defendants argue that the jury waiver provisions of the EAs cannot be enforced, and therefore the arbitration provisions apply.

Plaintiffs respond that federal law, and not state law, is controlling in deciding whether a contractual jury waiver is enforceable, and that federal law enforces contractual jury waivers knowingly and voluntarily entered into.  The Court finds that the Plaintiffs' position is correct.  "The right to a jury trial in a federal court is clearly a question of federal law."  *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 238 (2d Cir. 2001) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)); *see also RDO Fin. Servs. v. Powell*, 191 F.Supp.2d 811, 812- 813 (N.D. Tex. 2002) (stating "the Court turns to federal law for guidance" in determining the enforceability of a pre-litigation contractual jury waiver.)

Defendants bring forward no authority for the proposition that state law controls the right to a jury trial in federal court.  Defendants argue that the choice of law clause in the EAs should be honored by applying California law on contractual jury waivers.  This contractual choice of law situation is analogous to a contract case in diversity where the law of a particular state may

govern the interpretation of the contract.  In diversity cases, federal courts have applied federal

law to assess the enforceability of jury waiver provisions.  *Medical Air Technology Corp. v.*

*Marwan Inv., Inc*, 303 F.3d 11, 18 (1st. Cir. 2002) ("In a diversity jurisdiction suit, the

enforcement of a [contractual] jury waiver is a question of federal, not state, law.").  Defendants

offer no reason why a case with a state choice of law provision governing a contract  should be

distinguished from a diversity case in deciding whether federal or state law applies to a

contractual jury waiver, and the court perceives no reason to make such a distinction.

Under federal law, the Seventh Amendment right to a jury trial may be waived by prior

written agreement of the parties if the waiver is entered into knowingly and voluntarily.  *Powell*,

191 F.Supp.2d at 813.  There has been circuit split regarding who carries the burden on a motion

to enforce a contractual jury waiver, and the Fifth Circuit has not yet addressed the issue.  *Id*.

However, the *Powell* court has concluded that the party seeking to enforce the waiver carries the

burden.  *Id*.  The court in *Powell* also listed the factors used to determine whether a wavier was

made knowingly, voluntarily, and intelligently as follows:

1) whether there was a gross disparity in bargaining power between the parties
2) The business or professional experience of the party opposing the waiver
3) whether the opposing party had an opportunity to negotiate contract terms; and
4) whether the clause containing the waiver was inconspicuous.

Plaintiffs argue that the Court will find that the jury waivers are knowing and voluntary.

They point to the fact that both Defendants argue at length that § 6.02 of the EAs is enforceable

as to the arbitration provisions.  (See Blaugrund Mot. at 5-6; Magliarditi Mot. at 2; 4-7.)

Defendants would therefore be hard pressed to argue that the jury waiver provisions, which

appear directly before the arbitration language, were not entered into knowingly and voluntarily.

The bargaining powers between the parties, the business experience of the parties, the opportunities to negotiate contracts terms, and the conspicuousness of the clause would have been roughly equal for the jury waiver provision as for the arbitration provision.  Defendants have brought forward no evidence to counter Plaintiffs' evidence that the jury waiver was made knowingly and voluntarily.  Defendant Blaugrund states that he at no time has disputed the terms and conditions set forth in his EA.  (Blagrund Mot. at 5-6.)  Defendants Magliarditi and DII state that Plaintiffs have not met their burden of showing knowing and voluntarily waivers of jury trial.  However, given the Defendants' arguments about the enforceability of the arbitration provisions contained within the same section as the jury waiver, and the Defendants' failure to offer any countervailing evidence, the Plaintiffs have provided the court with a sufficient basis upon which to include the jury waiver provision was knowingly and voluntarily entered into. Therefore, the Court may find that the jury waiver provision is enforceable, and there is no reason to turn to the arbitration provisions.

## III.    Conclusion

For the foregoing reasons, the Blaugrund Motion and the Magliarditi Motion are hereby DENIED.

**IT IS SO ORDERED.**

Signed this 22nd day of March 2007.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

**Memorandum Opinion & Order**
**3:06-CV-2303-P**
**Page 6 of 6**